IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TUAN STEWARD, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 25-cv-1960-RJD |
| | ) |
| WILSON OUTDOOR SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Defendant's Motion to Vacate Default Judgment (Doc. 12) and Motion to Extend All Deadlines (Doc. 13) as well as on Plaintiff's Motion to Strike Defendant's motions (Doc. 14). For the reasons explained below, Plaintiff's motion is **GRANTED,** and the Clerk of Court is **DIRECTED to STRIKE** Defendant's motions.

On October 24, 2025, Plaintiff filed the instant action against Defendant, Wilson Outdoor Services, LLC, seeking redress for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, (the "FLSA"); for Defendant's failure to pay overtime wages under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL"); and for Defendant's termination of Plaintiff's employment in retaliation for him asserting his rights under the Illinois Workers' Compensation Act ("IWCA") and for Defendant's retaliatory discharge of Plaintiff's employment in response to Plaintiff's protected activity under Illinois common law. (Doc. 1).

On November 18, 2025, Defendant was served with Plaintiff's Complaint, and its answer

---

[1] This case has been randomly assigned to the undersigned pursuant to Administrative Order 408. (Doc. 4).


was due on December 9, 2025. (Doc. 7). Defendant failed to respond by that deadline, and on December 30, 2025, the Clerk entered a default. (Doc. 9). On January 22, 2026, Plaintiff filed a Motion for Default Judgment that is currently pending before the Court. (Doc. 10).

On January 29, 2026, David Wilson, Defendant's registered agent, filed a pro se Motion to Vacate the Motion for Default Judgment (Doc. 11) and Motion to Extend All Deadlines (Doc. 12). Wilson asked that the default be vacated because he tendered the defense of this case, along with Plaintiff's worker's compensation claim, to his insurer who, however, failed to enter an appearance in this case. (Doc. 11). He further sought an extension of "all deadlines" in this case until he retains counsel to represent Defendant in this case. (Doc. 12). Thereafter, Plaintiff moved to strike both motions under well-established precedent that prohibits pro se representation of legal entities in federal courts. (Doc. 14).

It is well established that legal entities must be represented by counsel in federal proceedings and cannot appear pro se. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("[c]orporations unlike human beings are not permitted to litigate pro se"). "[O]nly a lawyer may litigate in federal court on behalf of a corporation." *P.H. Int'l Trading v. Confezioni*, 371 F. App'x 672, 673 (7th Cir. 2010). "[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008).

Because Defendant is a limited liability company, it cannot litigate pro se or be represented by a nonlawyer; it must be represented in litigation by a lawyer. Accordingly, Plaintiff's Motion to Strike (Doc. 14) is **GRANTED.** The Clerk of Court is **DIRECTED to STRIKE** Defendant's Motion to Vacate Default (Doc. 12) and Extend All Deadlines (Doc. 13).

Defendant is **ORDERED** to retain counsel and have counsel enter an appearance in this case on or before **March 5, 2026**. In the interest of justice, the Court grants an extension of time up to **March 5, 2026**, for Defendant, properly represented by counsel, to respond to Plaintiff's Motion for Default Judgment.

**IT IS SO ORDERED.**

**DATED: February 19, 2026**

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**