**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TUAN STEWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Case No. 25-cv-1960-RJD** |
| | ) |
| WILSON OUTDOOR SERVICES, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:[1]**

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 10) and Defendant's Motion to Vacate Entry of Default (Doc. 19). For the reasons explained below, Plaintiff's motion is **DENIED**, and Defendant's motion is **GRANTED**. The Clerk's entry of default (Doc. 9) is **VACATED**.

**Background**

On October 24, 2025, Plaintiff filed the instant action against Defendant, Wilson Outdoor Services, LLC, seeking redress for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, (the "FLSA") and the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL"); and for Defendant's termination of Plaintiff's employment in retaliation for him asserting his rights under the Illinois Workers' Compensation Act ("IWCA") and in response to Plaintiff's protected activity under Illinois common law. (Doc. 1).

---

[1] This case has been assigned to the undersigned through the parties' consent. (Doc. 21).

On November 18, 2025, Defendant was served with Plaintiff's Complaint, and its answer was due on December 9, 2025. (Doc. 7). Defendant failed to respond by that deadline, and on December 30, 2025, the Clerk entered a default. (Doc. 9). On January 22, 2026, Plaintiff moved for a default judgment. (Doc. 10). On January 29, 2026, David Wilson, Defendant's registered agent, filed a pro se Motion to Vacate the Motion for Default Judgment (Doc. 11) and Motion to Extend All Deadlines (Doc. 12). The Court struck the motion because Defendant, being a legal entity, could not be represented pro se. Defendant was ordered to retain counsel and have counsel enter an appearance in this case on or before March 5, 2026. (Doc. 15). Thereafter, defense counsel timely entered their appearance in this case, (Docs. 16 & 17), opposed Plaintiff's motion for default judgment, and moved to vacate the Clerk's entry of default (Doc. 19). Defendant explained that its registered agent tendered the defense of this case, along with Plaintiff's worker's compensation claim, to his insurer who, however, failed to enter an appearance in this case. (Doc. 11). Plaintiff did not respond to the motion to vacate the entry of default.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Seventh Circuit favors a trial on the merits versus a default. *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007). To vacate an entry of default, the moving party must show "good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (citation omitted). In this context, a "meritorious defense . . . mean[s] more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail." *Id*. (citation and quotation marks omitted). The Court views these elements leniently. *Id.* at 505.

Here, Defendant has provided a sufficient explanation to establish good cause for its default. Defendant did not willfully fail to respond to the Complaint; rather, it did so inadvertently, under the impression that its insurance company was handling its representation in this matter and would file a responsive pleading. Further, within 30 days of the entry of default, and as soon as he learned of it, Defendant's registered agent attempted to file a motion to vacate on its behalf. While the Court struck the filing as improper, Defendant retained counsel and filed this instant motion within the Court's deadline. Accordingly, Defendant has established good cause for the default and quick action to correct it.

Defendant has also identified arguably meritorious defenses. As to the retaliatory discharge claim, Defendant counters that Plaintiff was discharged because of a lack of available work, given that Plaintiff did not have a valid driver's license and could not operate the vehicles or equipment. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (affirming discretionary decision to vacate default where defendant explained nature of defense and provided the factual basis for it). Further, Defendant has pointed out inconsistencies between Plaintiff's pleading and the employment record as to the number of hours Plaintiff worked and Plaintiff's hiring day, which is an arguably meritorious defense against Plaintiff's claim that he was routinely denied overtime.

Accordingly, Defendant has established all elements warranting the vacation of the entry of default, and its Motion to Vacate Entry of Default (Doc. 19) is **GRANTED**. Because the entry of default will be vacated, Plaintiff's Motion for Default Judgment (Doc. 10) is **DENIED**.

**<u>Conclusion</u>**

For these reasons, Plaintiff's Motion for Default Judgment (Doc. 10) is **DENIED,** and Defendant's Motion to Vacate Entry of Default (Doc. 19) is **GRANTED**. The Clerk's entry of default (Doc. 9) is **VACATED.**


**IT IS SO ORDERED.**

**DATED: April 15, 2026**

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**